<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| F.M.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 23cv23138 (EP)<br><br>**OPINION** |

**PADIN**, **District Judge.**

Plaintiff, who suffers from various physical impairments, appeals from the Social Security Administration's ("SSA") denial of disability insurance benefits ("DIB") pursuant to the Social Security Act (the "Act").[1] D.E. 1. For the reasons below, the Court will **GRANT** the appeal, **VACATE** the denial, and **REMAND** for further proceedings consistent with this Opinion.[2]

**I.     BACKGROUND**

　　**A.    Plaintiff's DIB Application**

Plaintiff filed a protective DIB application on August 19, 2019, alleging disability beginning October 4, 2018. R. 17.[3] SSA denied the application on October 21, 2019, and again upon reconsideration on February 25, 2020. *Id.* After Plaintiff requested a hearing, Administrative Law Judge Seth Grossman conducted a hearing on November 30, 2020 and a supplemental hearing on March 10, 2021. *Id.* On May 10, 2021, Judge Grossman denied Plaintiff's application. *Id.* However, the Appeals Council vacated the prior decision because "[t]he audio recording of the

---

[1] 42 U.S.C. § 301, *et seq*.
[2] The Court decides the appeal without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78(b).
[3] "R." denotes the administrative record. D.E. 4.

hearing unintentionally captured sounds that are unrelated to the hearing and that were not audible during the hearing," remanded the case for further consideration, and reassigned it to Administrative Law Judge Donna A. Krappa (the "ALJ").  *Id.*  After a November 3, 2022 supplemental hearing, the ALJ found that Plaintiff was not disabled.  *Id.* at 18.

### B. The ALJ's Five-Step Sequential Evaluation Process

To qualify for DIB, a claimant must show that he is disabled within the meaning of the Act.  42 U.S.C. § 423(a)(1)(E).  Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months."  § 423(d)(1)(A); *see Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  § 423(d)(2)(A).  "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."  *Id.*

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled.  20 C.F.R. § 404.1520(a)(4).  "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five."  *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity.  § 404.1520(b).  If so, then the inquiry ends because the plaintiff is not disabled.

Here, that is not at issue; the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of October 4, 2018 through his date last insured of December 31, 2023.  R. 20.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]"  § 404.1520(c).  If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.  Here, the ALJ found the following severe impairments: degenerative disc disease of the cervical and lumbar spine and obesity.  R. 20.

At step three, the ALJ decides whether the plaintiff's impairment(s) meets or equals the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1.  § 404.1520(d).  If so, the plaintiff is presumed to be disabled if the impairment(s) has lasted or is expected to last for a continuous period of at least twelve months.  20 C.F.R. § 404.1509.  Otherwise, the ALJ proceeds to step four.  Here, the ALJ found that Plaintiff did not, for any of the conditions in step two, have a physical impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  R. 20.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work.  § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.  Here, the ALJ found that Plaintiff had the RFC to:

> lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for two hours and sit for six hours in an eight-hour workday; and perform unlimited pushing and pulling within the weight restriction given. He cannot crawl or climb ladders, ropes, or scaffolds. He is able to occasionally climb ramps/stairs, balance, stoop, kneel, and crouch. He can have no exposure to unprotected

3

> heights, hazards, or dangerous machinery. He can have no concentrated exposure to temperature extremes, wetness, humidity, or vibration (i.e., no operation of a vehicle—such as a forklift— that visibly vibrates, or work in close proximity (closer than six inches) to a machine that visibly vibrates).

R. 21. This step is at issue.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Here, the ALJ found that Plaintiff is "capable of performing past relevant work as a transit operations supervisor" as the work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." R. 29. This step is at issue as it would be impacted by the RFC finding in step four.

### C. Plaintiff Appeals

After the ALJ's decision, Plaintiff appealed to the SSA Appeals Council, which denied review. R. 1. On December 14, 2023, Plaintiff filed this appeal. Plaintiff's brief followed. D.E. 5 ("Pl. Br."). Defendant, the SSA Commissioner, opposes. D.E. 9 ("Opp'n"). Plaintiff replies. D.E. 10 ("Reply"). Plaintiff challenges the ALJ's analysis in the fourth-step evaluation.

## II.   LEGAL STANDARD

Judicial review of an SSA determination is based upon the pleadings and the transcript of the record. The scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the ALJ's findings of fact. *See* 42 U.S.C. § 405(g) ("The findings . . . as to any fact, *if*

4

*supported by substantial evidence*, shall be conclusive."); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (district court has plenary review of all legal issues and reviews the ALJ's findings to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Id.*

To facilitate review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions with conclusory findings or which indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. And the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

### III.   REVIEW OF ALJ'S OPINION

ALJs consider five factors when judging the persuasiveness of a medical opinion or finding—supportability, consistency, relationship with the claimant, specialization, and "other factors." § 404.1520c(c). The first two factors are the "most important" and an ALJ *must* discuss them in a decision. § 404.1520c(b)(2) ("[W]e *will* explain how we considered the supportability

5

and consistency factors.") (emphasis added). As to supportability, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." § 404.1520c(c)(1). As to consistency, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." § 404.1520c(c)(2).

Plaintiff challenges various aspects of the ALJ's opinion. First, Plaintiff argues that the ALJ improperly evaluated the opinions of numerous doctors: (1) Doctor Grigory Goldberg, R. 27-28; (2) state agency consultants Doctors Lloyd Marks, R. 26, James Paolino, *id.*, and Georges Cross, *id.*; and (3) Doctor Henry Urbaniak, who testified at the supplemental hearing in March 2021. *Id.* at 27. Second, Plaintiff argues that the ALJ improperly failed to consider his radicular symptoms and assistive device. *Id* at 576.

### A.   The ALJ Improperly Evaluated Doctor Goldberg's Medical Opinions

As to Doctor Goldberg, Plaintiff argues that the ALJ did not adequately explain how she considered the supportability and consistency factors. Pl. Br. at 17. The Court agrees.

The ALJ merely stated that Doctor Goldberg's opinions on function-by-function limitations were "not well supported by his own treatment notes and is not consistent with the record as a whole." R. 28. The ALJ notes that Plaintiff "achieved neurological stability," the relevance of which is unclear to the persuasiveness or non-persuasiveness of Doctor Goldberg's opinions on Plaintiff's physical limitations to sit, stand, and walk for a full workday. *Id.* For example, some of the same evidence also includes Doctor Goldberg's observations regarding Plaintiff's continued

6

back pain. *See e.g.*, *id.* 761, 786. The supportability and consistency factors are unclear, given a medical opinion's consistency is assessed by comparison to "the evidence from *other* medical sources and nonmedical sources." § 404.1520c(c)(2) (emphasis added). Accordingly, the Court is precluded from conducting a "meaningful review" on this point. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

Moreover, the ALJ found Doctor Goldberg's opinions not persuasive because Plaintiff reported "at least some improvement of his ongoing post-surgery symptoms." R. 28. The ALJ did not explain how Doctor Goldberg's opinions about Plaintiff's limitations are inconsistent with fluctuating improvement. Nor did the ALJ adequately explain how Plaintiff's "ability to live alone and generally care for his own needs" is inconsistent with Doctor Goldberg's opinions. *Id.* "Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." *Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981).

Having found Plaintiff's arguments concerning Doctor Goldberg's medical opinions meritorious, the Court need not address the remaining arguments.

IV.   **CONCLUSION**

For the reasons above, Plaintiff's appeal will be **GRANTED**, the ALJ's denial of benefits will be **VACATED**, and the matter will be **REMANDED** to the SSA for further proceedings consistent with this Opinion. An appropriate Order follows.

Dated**:** October 25, 2024

Evelyn Padin, U.S.D.J.